IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Upaid Systems, Ltd.,<br><br>  Plaintiff,<br><br>  v.<br><br>Card Concepts, Inc.,<br>  Defendant. | Case No.:<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Upaid Systems, Ltd. ("Upaid" or "Plaintiff") complains of Defendant Card Concepts, Inc. ("CCI" or "Defendant") as follows:

### NATURE OF LAWSUIT

1.  This is a claim for patent infringement arising under the patent law of the United States, Title 35 of the United States Code.

### THE PARTIES

2.  Plaintiff Upaid is a business company organized under the laws of the British Virgin Islands.  Its principal place of business is located at Trident Chambers, Wickhams Cay, Road Town, Tortola, British Virgin Islands.

3.  Since 1998, Upaid has been innovating and developing new payment products around the world.  Upaid was one of the first companies to offer a mobile phone service for credit card payment and secure transaction processing.  Through years of in-house research and development, Upaid's innovations in the field of transaction technology has resulted in almost sixty patents world-wide (eight in the United States alone), the most recent of which was granted by the European Patent Office on October 31, 2017.  The patent asserted in this Complaint, U.S.

Patent No.8,976,947, is just one of these many patents awarded to Upaid in the field of transaction technology.

4.    Upon information and belief, Defendant is an Illinois corporation registered with the Illinois Secretary of State and maintaining its principal place of business at 302 S. Stewart Ave, Addison, IL 60101.

5.    According to the Defendant's website, www.laundrycard.com/products, CCI has "over 30 years of experience in the self-service laundry industry" and has installed its products in "over 800 laundromats."

<b>JURISDICTION AND VENUE</b>

6.    Upaid's claim for patent infringement against Defendant arises under the patent laws of the United States, 35 U.S.C. §§ 271 and 281.  Consequently, this Court has original subject matter jurisdiction over this suit pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.    Defendant is subject to the general personal jurisdiction of the Court because it is registered to do business and maintains its headquarters in Illinois.

8.    Defendant is subject to specific personal jurisdiction of this Court because, upon information and belief, Defendant has engaged in acts of infringement within this judicial district through (at least) the offering for sale and sale of the LaundryCard and FasCard systems.

9.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), (d) and/or 1400(b) because, upon information and belief, Defendant has engaged in acts of infringement within this District and because Defendant has a regular and established place of business in this District.  For example, upon information and belief, Defendant has a place of business at 302 S. Stewart Ave, Addison, IL 60101.

**COUNT ONE:**

**INFRINGEMENT OF UNITED STATES PATENT NO. 8,976,947**

10. Defendant incorporated paragraphs 1 through 9 herein by reference.

11. Upaid is the named assignee of, owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 8,976,947 entitled "Enhanced Communication Platform and Related Communication Method Using the Platform," which issued on March 10, 2015 ("the '947 patent") (a true and correct copy is attached as **Exhibit A**).

12. The '947 patent claims, among other things, a method for pre-authorized communication services and transactions using computer networks; a non-transitory machine-readable storage medium having encoded thereon program code; a user communication device communicating with a platform outside computer networks; a method of crediting a pre-authorized account of a user; a system for crediting an account of a users of a transceiver who has another account controller by a separate system; and platform outside of external networks of different types and connectable to a transceiver of a user, a billing platform and another platform; and platform providing communication services; and changing amounts in accounts associated with users.

13. The '947 patent solves a problem with the art that is rooted in computer technology that uses computer networks. The '947 Patent does not merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet.

14. Upon information and belief, Defendant owns and operates an information technology and services company to automate vended laundry. Defendant's product and service offerings relate to automated payment systems for the self-service laundromat industry and

vending industry.  Specifically, Defendant offers two laundromat card systems, the "LaundryCard" and the "FasCard".

15. LaundryCard focuses on automating a laundromat by eliminating coin, handling all cash collections, employee management, equipment service and store marketing.  According to Defendant's website, www.laundrycard.com/products, "LaundryCard™ has been successfully installed in over 800 laundromats.  This system focuses on automating [one's] laundromat by eliminating coin, handling all cash collections, employee management, equipment service, store marketing and much more."

16. FasCard accepts any combination of coins, credit or debit cards, and loyalty card for use in laundromats as well as other vending machines.  According to Defendants' website, www.laundrycard.com/products, "FasCard is designed to meet the needs of laundries of all sizes.  Laundromats and multi-housing laundry rooms will benefit from this cost-effective system designed to accept any combination of coins, credit or debit cards, and loyalty cards."

17. Upaid provided a first notice of Plaintiff's `947 patent to Defendant on May 30, 2017 (a true and correct copy is attached as **Exhibit B**).  This first notice also served to alert Defendant of its unauthorized use of the `947 patent.  Despite the passage of several months, Defendant failed to provide any response, acknowledgement or even request further information of Upaid.

18.  Upaid provided a second notice regarding the `947 patent and Defendant's unauthorized thereof to Defendant on September 20, 2017 (a true and correct copy is attached as **Exhibit C**).  Again, Defendant failed to provide any acknowledgement or response to Upaid thus necessitating the filing of the above-captioned lawsuit.

19. Defendant has infringed the '947 patent through its unauthorized use of at least

the method of Claim 1 for providing pre-authorized communication services and transactions through at least its LaundryCard and FasCard systems. Defendant alone, or based on the actions of other persons/entities attributable to Defendant, satisfied each of the limitations of Claim 1 either literally or pursuant to the doctrine of equivalents as follows:

a. Defendant's Laundry Card and FasCard systems are preauthorized platforms for communication services and transactions that can operate over at least cellular networks, wireless networks, near-field communication networks, local area networks, and wide area networks (e.g., the Internet). The systems operate by connecting to an access point at a location through a first network. The access point connects the systems to the Internet and the platform. The platform is a cloud-based online portal (including cloud-based computer servers) connected via the Internet. The systems include administration setup, where an administrator can configure a variety of options including the access points, user accounts (e.g., name, title, email, phone, card no., balance, status), services and prices of the services or transactions.

b. The systems provide for user accounts, where the user can use credit cards, debit cards, or a mobile application for adding value to the user account for use in a Laundromat. The systems enable the administrator to choose their own merchant for processing and authorizing the payment methods described above. The funds on the user account can be used to purchase different services or transactions in the laundromat (for example), including laundry services configured by the administrator. The user can request a service or transaction via a card reader or the mobile application, which communicates with the platform over the external networks.

c. The systems provide for, subsequent to receiving the request for the service or transaction over the external networks, verification that the user account associated

with the request has sufficient funds in the user account to purchase the service or transaction. This verification can be performed by the systems via a comparison of the funds in the user account with the cost of the service or transaction as set by the administrator of the system.

d. The systems, in response to determining sufficient funds in the user account, can deduct from the user account in real-time the cost of the requested service or transaction. After the funds have been deducted from the user account, the systems send a "start" message to start the service or transaction that was requested.

20. Defendant, therefore, has directly infringed at least claim 1 of the '947 patent through the performance of all steps of the claimed method under the doctrine set forth in *Akamai Tech., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020 (Fed. Cir. 2015). Defendant had the right and ability to stop or limit the infringement, did not do so, and has profited from such infringement.

21. Additionally or alternatively, Defendant has induced and/or contributed to the infringement of at least claim 1 of the `947 patent through its provision of the hardware and software components used to perform the method of at least claim 1 of the `947 patent through the LaundryCard and FasCard systems.

22. As referenced above, Defendant has had knowledge of the '947 patent since at least May 30, 2017, as provided by Upaid. Since having knowledge of the '947 patent, Defendant has directly and willfully infringed the '947 patent by through at least its products FasCard and LaundryCard. Defendants have further willful infringement the '947 patent by continually and intentionally infringing the '947 patent after Plaintiff's two notices and by failing to respond to either of the two notices.

23. The acts of infringement of the '947 patent by Defendant have injured Upaid, and

Upaid is entitled to recover damages adequate to compensate it for such infringement from Defendant, but in no event less than a reasonable royalty.

24. Plaintiff is in compliance with 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Upaid Systems, Ltd. respectfully requests that this Court enter judgment against the Defendant Card Concepts, Inc. and against its respective subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with it, granting the following relief:

A.      The entry of judgment in favor of Upaid and against Defendant that Defendant has directly infringed and indirectly infringed (through inducement and contributing to infringement) claims of the `947 patent, literally and/or under the doctrine of equivalents pursuant to 35 U.S.C. §271;

B.      Permanently enjoin Defendant as well as its respective agents, servants, officers, directors, employees and all persons acting in concert with them, directly or indirectly, from infringing, inducing others to infringe or contributing to the infringement of the `947 patent pursuant to 35 U.S.C. § 283;

C.      Order that Defendant account for and pay to Upaid the damages to which Upaid is entitled as a consequence of Defendant's infringement of the `947 patent and to which available under 35 U.S.C. § 284, together with prejudgment interest from the date infringement began;

D.      Find that Defendant's infringement is willful and accordingly award Upaid enhanced damages in accordance with 35 U.S.C. § 284;

E.      Declare this case exceptional pursuant to 35 U.S.C. § 285 and award to Upaid its reasonable attorney's fees, expenses and costs in this action;

F.     Award to Upaid to Upaid post-judgment interest on the foregoing amounts at the maximum rate recoverable by law; and,

G.     Award to Upaid such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues presented in this Complaint.

Respectfully submitted,

*/s/ Rodney L. Lewis*
Rodney L. Lewis
Polsinelli PC
150 N Riverside Plaza
Suite 3000
Chicago, Illinois  60606
(312) 819-1900
(312) 819-1910 (FAX)
rodney.lewis@polsinelli.com
chicagodocketing@polsinelli.com

Gregory V. Novak (*pro hac vice pending*)
Tracy W. Druce (*pro hac vice pending*)
Suni Sukduang (*pro hac vice pending*)
Polsinelli PC
1000 Louisiana Street, Flr 5300
Houston, TX 77494
(713) 374-1600
(713) 374-1601 (FAX)
gnovak@polsinelli.com
tdruce@polsinelli.com
ssukduang@polsinelli.com

*Attorney for Plaintiff*